UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHAWN REGISTER, on his behalf and
others similarly situated,

   Plaintiffs,

vs.                             CASE NO.:

OWEN ELECTRIC COMPANY, INC.,
A Florida Corporation and MICKY G.
OWEN, Individually,

   Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

1. Plaintiff, SHAWN REGISTER, and those similarly situated ("Plaintiffs"), were employees of Defendants, OWEN ELECTRIC COMPANY, ("OWEN" or "Defendant"), and MICKY G. OWEN (collectively "Defendants"), brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). Plaintiff was a wire runner/foreman and performed related activities for Defendants in, among others, St. John's County, Florida.

2. Defendant, OWEN ELECTRIC COMPANY, is a Florida corporation that operates and conducts business in, among others, St. John's County, Florida, and is therefore, within the jurisdiction of the Court.

3. At all times relevant to this action, Defendants were enterprise covered by the FLSA, and as defined by 29 U.S.C. §203 (r) and 203 (s). Additionally, Plaintiff was individually engaged in interstate commerce while employed with the Defendant.

4. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every wire runner who worked for the Defendants at any time within the past three (3) years.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

6. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

7. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to him, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to him, for those hours worked in excess of forty (40) within a work week.

8. During his employment with Defendants, Plaintiff, and those similarly situated to him, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

9. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff, and others similarly situated to him, are in the possession and custody of Defendants.

## COUNT I- RECOVERY OF OVERTIME COMPENSATION

10. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-9 above.

11. Plaintiff, and those similarly situated to him, are/were entitled to be paid time and one-half their regular rate of pay for each hour they worked in excess of forty (40) per work week. During his employment with Defendants, Plaintiff, and those similarly situated to them, regularly worked overtime hours but were not paid time and one-half compensation for the same. Instead, Plaintiff was paid "straight time" for all overtime hours worked.

12. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs..

13. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

14. Plaintiff demands a trial by Jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief and for such other and further relief this Court deems just and appropriate.

Respectfully submitted this 15th day of May 2007.

Carlos Leach, Esq.
Florida Bar No. 0540021
MORGAN & MORGAN, P.A.
20 N. Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 423-7928
E-mail: cleach@forthepeople.com
**Counsel for Plaintiff**